UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT BLECHINGER, | ) | Civ. 11-4069-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | TO VACATE |
| SIOUX FALLS HOUSING AND | ) | |
| REDEVELOPMENT COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Robert Blechinger, moves to vacate the judgment against him. Defendant, Sioux Falls Housing and Redevelopment Commission (Sioux Falls Housing), opposes his motion.

## PROCEDURAL HISTORY

This court granted summary judgment in favor of Sioux Falls Housing on November 29, 2011. Sioux Falls Housing filed its motion for summary judgment, along with a supporting affidavit and brief on August 9, 2011. Pursuant to the local rules, Blechinger had 21 days from the date of service of the motion and supporting brief to file a responsive brief setting forth "the specific points of law with authorities in support thereof in opposition to the motion." D.S.D. Civ. LR 7.1(B). Blechinger did not respond to the motion for summary judgment.

**DISCUSSION**

A motion to reconsider is not recognized under the Federal Rules of Civil Procedure. Blechinger has not cited any legal authority supporting his motion. When the moving party fails to specify the rule under which it makes a motion for reconsideration, that party leaves the characterization of the motion to the court. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Federal courts have construed this type of motion as a motion to alter or amend the judgment under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986). Thus, the court will consider Blechinger's motion under both rules.

**I.    Rule 59(e)**

"[A]ny motion that draws into question the correctness of the judgment is functionally a motion under Fed. R. Civ. P. 59(e), whatever its label." *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986) (internal citations omitted). Rule 59(e) of the Federal Rules of Civil Procedure was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following the entry of judgment. *Norman v. Ark. Dep't of Education,* 79 F.3d 748, 750 (8th Cir. 1996). Rule 59(e) provides a deadline for motions to "alter or amend," but it does not specify the standards for alteration or amendment. See Fed. R. Civ. P. 59(e). In the Eighth Circuit, a court must find a "manifest error" of law or fact in its ruling to alter or amend

its judgment under Rule 59(e). *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). But Rule 59(e) motions may not be used to introduce evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to the entry of judgment. *Id. See also Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 919 (N.D. Iowa 2003). A party may also move to alter or amend judgment to present newly discovered evidence. *Hagerman*, 839 F.2d at 414. To prevail in a Rule 59(e) motion to present newly discovered evidence, "the movant must show that: (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

Blechinger argues that the court erred in granting summary judgment because his motion to request judicial settlement conference, filed on September 20, 2011, was still pending. Docket 26. Blechinger argues that the parties "agreed in principle to attempt to reach a settlement" during a meeting on July 25, 2011. Thus, Blechinger argues that the time for responding to Sioux Falls Housing's motion should have been tolled pending a settlement conference.

Sioux Falls Housing concedes that it indicated its willingness to participate in a judicial settlement conference if Blechinger agreed. But Sioux

3

Falls Housing correctly asserts that there is nothing to prevent Sioux Falls Housing from simultaneously pursuing other relief available to it under the Federal Rules of Civil Procedure. Blechinger contends that Sioux Falls Housing acted in bad faith by filing a motion for summary judgment, but as Sioux Falls Housing contends, it was simply doing what was necessary to protect its own interests.

Blechinger has not identified any authority to the contrary. Nor has Blechinger presented any authority in support of his position that the time for responding to Sioux Falls Housing's motion should have been tolled. Blechinger simply cites to D.S.D. Civ. LR 53.1, which states, in pertinent part, that "[p]arties are encouraged to use alternative dispute resolution procedures to try to settle their cases without a trial." While the court does encourage the use of alternative dispute resolution, D.S.D. Civ. LR 53.1 has by itself no effect on the timing provisions found elsewhere in the rules. D.S.D. Civ. LR 7.1(B) clearly provides that a party has 21 days from the date of service of a motion and supporting brief to file a responsive brief setting forth "the specific points of law with authorities in support thereof in opposition to the motion." There is no rule stating that this time period is tolled pending the outcome of settlement negotiations. It is also noteworthy that Blechinger did not seek an extension of time to respond or seek to file a late response to Sioux Falls Housing's motion for summary judgment.

Thus, Blechinger has not shown a manifest error of law or fact or identified new evidence in support of his claims. Therefore, he is not entitled to relief under Rule 59(e), and his motion is denied.

**B.   Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment for the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence, that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief will not be granted under Rule 60(b) merely because a party is unhappy with the judgment." 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2858 (2d ed. 1995). Rather, a party must satisfy one or more of the grounds set forth under Rule 60(b).

Blechinger has not argued that any of the grounds justifying relief under Rule 60(b)(1)-(5) apply to him. Thus, the court will analyze his motion under 60(b)(6), which states that a court may relieve a party from judgment for any other reason that justifies relief. "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). Relief under this rule is "exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.' " *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 868 (8th Cir. 2007) (quoting *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir. 1999)). "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as the result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994).

Blechinger's current predicament is not an exceptional circumstance. *See Prosser v. Hendricks*, 371 Fed. App'x 710 (8th Cir. 2010) (holding that pro se plaintiff did not demonstrate exceptional circumstances warranting relief from the consequences of his own motion). While Blechinger is proceeding pro se, he is still expected to comply with the local rules and the Federal Rules of Civil Procedure. *See Farretta v. California*, 422 U.S. 806, 834-35 n.46 (pro se litigants must comply with relevant rules of procedure). Local Rule 7.1

notifies a party that he is required to submit a responsive pleading to any motion filed by the opposing party. *See* D.S.D. Civ. LR 7.1("On or before 21 calendar days after service of a motion and brief, unless otherwise specifically ordered by the court, all opposing parties *shall serve and file with the clerk of court a responsive brief* containing the specific points of law with authorities in support thereof in opposition to the motion."). Moreover, Local Rule 56.1, which discusses motions for summary judgment, notifies parties that if they fail to submit a statement of facts in opposition to a motion for summary judgment, "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts." Thus, the court finds that Blechinger has failed to demonstrate exceptional circumstances and he is therefore not entitled to relief under Rule 60(b)(6). Accordingly, it is

ORDERED that Blechinger's motion to vacate (Docket 26) is denied.

Dated January 20, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

7